UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAVAL NOLAN SULLIVAN | CIVIL ACTION |
| VERSUS | NO. 25-0657 |
| ORLEANS PARISH PRISON, ET AL. | SECTION "J" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Laval Nolan Sullivan filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   FACTUAL ALLEGATIONS

#### A.   Complaint (ECF No. 4)

Sullivan, a pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendants Orleans Parish Prison ("OPP") and the SID Tact Team. ECF No. 4 at 1; *id*., ¶III(B), at 6. Sullivan claims that on October 23, 2024, the SID Tact Team performed a shakedown on Pod-3 Charlie and pulled he and his cellmate out of their cell. *Id*., ¶IV, at 6. When he returned to his cell, Sullivan noticed all of his property including a book, poems, and songs he wrote were gone. He stated he wrote several ARPs to every high-ranking officer to get his property back. *Id*. at 7. As relief, Sullivan requests compensatory damages and for the individuals involved to be held accountable.

## II.     LEGAL STANDARDS

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.*
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke*, 490 U.S. at 319, held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. **Required Elements of a § 1983 Claim**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664; *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*

secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)  deprivation of a right secured by the U.S. Constitution or federal law;
(2)  that occurred under color of state law; and
(3)  was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

## III.  ANALYSIS

### A.  Improper Defendants

Sullivan named OPP and the SID Tact Team as defendants in this matter. ECF No. 4 at 1; *id.*, ¶III(B), at 6. As outlined below, OPP and the SID Tact Team are not proper defendants and the claims against them must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

---

[14] 42 U.S.C. § 1983.

[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law.[20] OPP, however, is not recognized as a "person" within the meaning of § 1983.[21] In Louisiana, a jail facility is not an entity "legally empowered to do" anything independent of either the responsible parish officials or the parish sheriff.[22] Since a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[23] As one division of this Court has noted, a parish jail is "not an entity, but a building." [24]

As for the SID Tact Team, groups of people or teams are also not properly named defendants. Instead, a § 1983 action must be filed against an *actual identified person* who violated a constitutional right, not a department or general staff group at the jail.[25] Sullivan has failed to name as a defendant any individual members of the SID Tact Team who would be responsible for any purported constitutional violation.

For these reasons, OPP and the SID Tact Team are not a person or suable entity to be held liable under § 1983. Thus, the claims against OPP and the SID Tact Team are frivolous and

---

[20] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[21] *See Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008) (Order adopting attached Report and Recommendation).

[22] *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994).

[23] *Douglas*, 567 F. Supp. 2d at 892; *see* FED. R. CIV. P. 17(b).

[24] *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. May 8, 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174, at *4 (E.D. La. Aug. 10, 2015).

[25] *See, e.g., Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named); *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); and *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)).

otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### B. Missing Personal Property

Sullivan claims his personal property consisting of a book, poems, and songs he had written were taken by prison officials during a shakedown and not returned. Even if Sullivan could identify a proper defendant, his claims are still frivolous because the loss of property is not actionable under § 1983 for the following reasons.

A state actor's negligence that results in an unintentional loss of property does not violate the Constitution because negligence is not actionable under § 1983.[26] And an intentional deprivation of personal property likewise does not state a viable constitutional claim if the prisoner has access to an adequate post-deprivation state remedy.[27] Louisiana law provides an inmate with an adequate post-deprivation remedy through its expansive tort laws.[28] Thus, Plaintiff's alleged deprivations of personal property does not implicate constitutional due process concerns as state law provides an adequate post-deprivation remedy.[29]

In short, an official's actions—whether negligent or intentional—that result in a loss of property give rise to a state tort action rather than a federal civil rights claim. As constitutional concerns are not implicated by Sullivan's claimed loss of items from his cell, it is unnecessary to

---

[26] *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (per curiam*); see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding negligence is not actionable under § 1983).

[27] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) (citations omitted) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally.")

[28] *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Bennett v. La. Dept. of Pub. Safety and Corrs.*, 61 F. App'x 919, 2003 WL 1109690, at *1 (5th Cir. 2003); *Arnold v. Inmate Accounts*, 48 F. App'x 105, 2002 WL 31017153, at *1 (5th Cir. 2002).

[29] *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property."); *Hudson v. Palmer*, 468 U.S. 517 (1984) (intentional deprivations); *Parratt v. Taylor*, 451 U.S. 527 (1981) (unauthorized deprivations).

afford him an inherently futile opportunity to amend to name specific officials as defendants.[30] Even if he could, the facts do not state a claim under § 1983 for deprivation of property.[31]

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Laval Nolan Sullivan's 42 U.S.C. § 1983 claims against defendants Orleans Parish Prison and the SID Tact Team be **DISMISSED WITH PREJUDICE,** and without leave to amend, as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[32]

New Orleans, Louisiana, this ___10th___ day of July, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[30] *See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has already alleged his best case and any further amendment would not state a valid § 1983 claim).

[31] *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("when an inmate's property is taken without compensation, his remedy is in state court, not federal court.").

[32] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.